UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER J. MCCOY,

    **Plaintiff,**

vs.                                         Case No. 8:05-CV-924-T-27MAP

GEICO GENERAL INSURANCE CO.
c/o EMPLOYERS UNITY INC., a
Colorado Corporation,

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Strike Evidence Submitted in Violation of Rule 56(e) (Dkt. 30), to which Plaintiff has not responded. The Court grants Defendant's motion to strike in part, as set forth below.

Federal Rule of Civil Procedure 12(f) provides that the court may strike from any pleading any "redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are not favored and will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Seibel v. Soc. Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla.1997).

*1.    Sicks affidavit*

Defendant has moved to strike the affidavit of Taryn Sicks because Plaintiff did not disclose Ms. Sicks' identity during discovery. Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

1

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

Plaintiff, having not responded to Defendant's motion to strike, has not offered any justification for the delay in disclosing Ms. Sicks' identity. On the other hand, Defendant has not explained why it did not file an appropriate motion to conduct discovery with respect to Ms. Sicks when her identity was revealed. Defendant's motion to strike Ms. Sicks' affidavit is therefore denied.

2. *Ledger article*

Plaintiff has submitted an article from "www.theledger.com" entitled "Migraines Not Such a Mystery After All" by Jane Brody. (Dkt. 29). Ms. Brody is not a qualified as an expert in this case and the article is therefore improper lay opinion testimony. Fed. R. Evid. 701. Because the article has no relation to this case, Defendant's motion to strike the article (Dkt. 29) is accordingly granted.

3. *Unemployment compensation decision*

Defendant has moved strike a decision issued by an appeals referee in ruling on Plaintiff's claim for unemployment compensation (Dkt. 27-4). It is well-established that an unreviewed administrative agency decision does not have preclusive effect on a Title VII case in federal district court. *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1022 (11th Cir. 2001). Because case law interpreting Title VII is applicable to ADA actions, the Court finds that the unemployment compensation decision lacks preclusive effect in this ADA case. *See Milner v. Lee County*, No. 04-cv-919, 2006 WL 1361147, *11 (M.D.Ala. May 16, 2006) (holding that unemployment decision was not afforded preclusive effect on an ADA retaliation claim). Moreover, the appeals referee's

decision is entirely irrelevant to the issues in the instant case. The appeals referee was charged with determining whether Plaintiff voluntarily resigned or was discharged for conduct evincing a "wilful or wanton disregard" of the employer's interests, not with whether Defendant discriminated against Plaintiff due to his disability. Because the unemployment decision has no relation to this case, Defendant's motion to strike the unemployment compensation decision (Dkt. 27-4) is granted.

*4.     Plaintiff's affidavit*

Defendant moves to strike portions of Plaintiff's affidavit (Dkt. 27-6) on the grounds that they directly contradict his deposition testimony. Specifically, Defendant argues that Plaintiff testified, when questioned whether he had a reason to believe his termination had anything to do with his migraine headaches, "I don't know." (Pl. Depo. at 192). Defendant contends that Plaintiff's affidavit "suggests" that GEICO only began enforcing various policies against him when he developed his severe headache problem. (Pl. Aff. ¶ 7). Defendant has failed to show that Plaintiff's affidavit directly contradicts prior deposition testimony.

Defendant also argues that Plaintiff's statement in his affidavit that it was "not an easy process" to obtain medical leave and that it was as if Defendant "did not want me to have it" contradicts his deposition testimony that he did not recall being told that he could not leave work or that he was ever forced to stay at work. Again, the Court finds that these statements do not contradict Plaintiff's deposition testimony so as to warrant a motion to strike. Defendant's motion to strike portions of Plaintiff's affidavit is therefore denied.

*5.     Deposition errata sheet*

Defendant moves to strike Plaintiff's statement in his deposition errata sheet that his migraines ended "a couple of months after being terminated be GEICO" (Dkt. 27-3) because Plaintiff

previously testified that they probably ended shortly after he was terminated in late August 2004. (Pl. Dep. at 159-60). To the extent striking an errata sheet is proper under these circumstances,[1] the Court perceives no material contradiction in Plaintiff's testimony and no prejudice to Defendant's argument. Defendant's motion is therefore denied.

6. *Plaintiff's response to Defendant's motion for summary judgment*

Defendant's efforts to strike portions of Plaintiff's response are an improper subject for a motion to strike and essentially constitute an impermissible reply to Plaintiff's response. As such, this request to strike is denied.

Upon consideration, it is

**ORDERED** and **ADJUDGED** that Defendant's Motion to Strike (Dkt. 30) is **GRANTED IN PART** as set forth herein. The materials at Dkt. 27-4 and Dkt. 29 are hereby **STRICKEN**.

**DONE AND ORDERED** in chambers this 18th day of January, 2007.

*/s/ J. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

---

[1] *Reilly v. TXU Corp.*, 230 F.R.D. 486, 490 (N.D.Tex. 2005) (reviewing in detail the split in authority on this issue).